UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NYJEE L. BOYD,

                         Plaintiff,

        v.

DR. DEASIS, et al.,

                       Defendants.

_____

<u>REPORT & RECOMMENDATION</u>

16-CV-6370W


## **<u>PRELIMINARY STATEMENT</u>**

*Pro se* plaintiff Nyjee L. Boyd ("Boyd") initiated the above-captioned matter on June 2, 2016 by filing a complaint pursuant to 42 U.S.C. § 1983.  (Docket # 1).  Currently before the Court is Boyd's motion for leave to amend his complaint.  (Docket # 105).  Boyd's proposed changes to the claims already pending are relatively modest, substantively immaterial, and unopposed by defendants.  (*See* Docket ## 105-1, 107, 108).  Beyond those changes, he also seeks to assert new claims against ten new defendants – New York State employees who worked in two New York State correctional facilities in which Boyd was incarcerated.  (*See* Docket # 105-1).  Counsel for the already-named defendants do not represent the proposed new defendants and take no position on the pending motion.  (Docket ## 107, 108).  For the reasons discussed below, I recommend that the district court grant in part and deny in part Boyd's motion to amend.

## DISCUSSION

I. **Applicable Legal Standards**

    A.    **Fed. R. Civ. P. 15(a)**

Rule 15(a) of the Federal Rules of Civil Procedure provides that once the time for amending a pleading as of right has expired, a party may request leave of the court to amend, which shall be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a).[1] If the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be afforded the opportunity to test the claim on its merits. *See United States ex rel. Maritime Admin. v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*, 889 F.2d 1248, 1254 (2d Cir. 1989). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). While the court retains discretion to grant or deny leave to amend under Rule 15(a), "[the] outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.* at 182; *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46 (2d Cir. 1983).

---

[1] There is no question that Boyd's motion is timely under Rule 16 of the Federal Rules of Civil Procedure. The Court's April 26, 2019 scheduling order set a deadline of May 24, 2019 for the parties to file any motions to amend the pleadings or join parties. (Docket # 102). Boyd's pending motion is dated May 18, 2019, and is postmarked May 23, 2019. (Docket # 105).

Despite the ordinarily lenient standard imposed, if the amendment proposed by the moving party is futile, "it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d at 131. "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citing *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)). Rule 8(a) of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to give the defendant fair notice of the claim plaintiff is asserting and the factual basis for the claim. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). To avoid dismissal, the proposed amended claim must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The *Twombly* "plausibility standard" applies to complaints brought by *pro se*, as well as represented, plaintiffs. *Sowell v. Chappius*, 695 F. Supp. 2d 16, 18 (W.D.N.Y. 2010). "[A]ll pleadings, *pro se* or otherwise, must contain enough factual allegations to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Id.* (omission in original) (quoting *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008)). That said, "[a] document filed *pro se* is 'to be liberally construed' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,'" *Erickson v. Pardus*, 551 U.S. at 94 (internal citation omitted), although they still must comply with the pleading requirements of the Federal Rules of Civil Procedure, *White v. Drake*, 2011 WL 4478921, *6 (N.D.N.Y. 2011). "A court must make reasonable allowances so that a *pro se*

plaintiff does not forfeit rights due to [his] lack of legal training." *Forbes v. State Univ. of New York at Stony Brook*, 259 F. Supp. 2d 227, 232 (E.D.N.Y. 2003). Thus, a court must construe *pro se* pleadings liberally and "interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

**B.    Fed. R. Civ. P. 15(d)**

Rule 15(d) applies to motions to amend pleadings to assert claims that arise from events that occurred after the date of the original pleading. It provides in relevant part:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.

Fed. R. Civ. P. 15(d).

**C.    Fed. R. Civ. P. 15(c)**

Rule 15(c) sets forth the circumstances under which an otherwise untimely claim will be deemed to relate back to the date of the original pleading. *See* Fed. R. Civ. P. 15(c).; *Soto v. Brooklyn Corr. Facility*, 80 F.3d 34, 35 (2d Cir. 1996). Under Rule 15(c)(1) of the Federal Rules of Civil Procedure, a plaintiff may amend a complaint in a federal action after the expiration of the limitations period when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

> (i) received such notice of the action that it will not
> be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action
> would have been brought against it, but for a
> mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

Because the limitations period in this case derives from state law,[2] Rule 15(c)(1)(A) directs the Court to consider both federal and state law and employ whichever affords a "more forgiving" principle of relation back.  *See*, *e.g.*, *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013); *Peralta v. Donnelly*, 2009 WL 2160776, *3 (W.D.N.Y. 2009); *Murphy v. West*, 533 F. Supp. 2d 312, 316 (W.D.N.Y. 2008); *Wilson v. City of New York*, 2006 WL 2528468, *2 (S.D.N.Y. 2006); *see also* Fed. R. Civ. P. 15(c)(1) advisory committee's note to 1991 amendment ("[w]hatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim").

### D. Fed. R. Civ. P. 20

In determining whether to permit the inclusion of additional parties, Rule 20(a)(2) of the Federal Rules of Civil Procedure provides:

---

[2] The claims asserted by Boyd, both pending and proposed, arise under 42 U.S.C. § 1983, which does not provide a statute of limitations.  Rather, the court must "borrow" the limitations period from the most appropriate or analogous state statute.  *Bd. of Regents of Univ. of State of New York v. Tomanio*, 446 U.S. 478, 483-84 (1980). Using this borrowing approach, the applicable statute of limitations for Section 1983 actions is three years – the limitations period provided under New York law for unspecified injury actions.  *See* N.Y. C.P.L.R. § 214(5); *Owens v. Okure*, 488 U.S. 235, 251 (1989) (applying New York's three-year statute of limitations to Section 1983 case); *Soto v. Brooklyn Corr. Facility*, 80 F.3d at 35 ("[b]ecause New York's three-year limitations period, applicable to section 1983 claims, expired [before the plaintiff filed his motion to amend], [the plaintiff] may now amend his complaint to add those officers only if the amendment would 'relate back' to the date he filed his original complaint") (internal citation omitted).

> Persons . . . may be joined in one action as defendants if:
>
> > (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> >
> > (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  Courts have interpreted the requirements of Rule 20(a) liberally so as to promote judicial economy and to allow related claims to be tried within a single proceeding. *See*, *e.g.*, *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1127 (2d Cir.) (Rule 20 "specifically vests in the district court the discretionary power to make such orders as may be required to prevent delay or prejudice"), *cert. denied*, 400 U.S. 878 (1970); *Zielinski v. Annucci*, 2019 WL 2870337, *7 (N.D.N.Y.) ("[t]he requirements of Rule 20(a) are to be interpreted liberally to enable the court to promote judicial economy by permitting all reasonably related claims for relief or against different parties to be tried in a single proceeding"), *report and recommendation adopted by*, 2019 WL 2869608 (N.D.N.Y. 2019); *Myers v. Dolac*, 2011 WL 4553107, *2 (W.D.N.Y. 2011) (same).

## II.     Boyd's Proposed Amended Complaint

### A.     Claims One Through Five

Boyd's original complaint asserts five claims and names six defendants – Dr. Deasis, Ebony Johnson, Superintendent Harlieng, and three "John Doe" defendants.  (Docket # 1).  The individuals originally identified as John Doe 4 and John Doe 5 were identified the following month as Kevin Newton and John Sanna, and they subsequently were served with the summons and complaint, filed answers, and have participated in discovery.  (Docket ## 4, 11,

13, 33, 40).  John Doe 3 remains a John Doe defendant in the proposed amended complaint, although he is identified therein as "Deputy John Doe #1," a deputy at the Monroe County Jail. (Docket ## 1, 105-1).  Superintendent Harlieng was named as a defendant in the original complaint but that claim against him was dismissed with prejudice by the district court.  (Docket ## 1, 3).  He is not named as a defendant in Boyd's proposed amended complaint.  (Docket ## 1, 105-1).

Claims One through Five assert Section 1983 causes of action against Deasis, Johnson, Newton, Sanna and Deputy John Doe for deliberate indifference to Boyd's medical needs arising from their alleged failure to provide or to ensure that he received medical attention for a knee injury that occurred while he was incarcerated at the Monroe County Jail.  (Docket ## 1, 105-1).  The claims are essentially the same in both the original complaint and the proposed amended complaint.  (*Id.*).  The original complaint states that the injury was sustained on approximately December 19, 2014, and that Boyd was first seen by Dr. Deasis on approximately January 19, 2015; the proposed amended complaint modifies the injury date to December 29, 2014, and the date he saw Dr. Deasis to January 5, 2015 – changes that apparently reflect information Boyd learned in discovery.  (Docket ## 1; 105 at ¶ 1; 105-1).  In addition, the defendants identified in the original complaint as John Doe 4 and John Doe 5 have been identified in the proposed amended complaint as defendants Kevin Newton and John Sanna. (*Id.*).  While Boyd has made some modifications to the specific factual allegations supporting his claims, the claims in his original complaint are similar in all material respects to the first five claims in his proposed amended complaint.  (Docket ## 1, 105-1).  No changes are proposed to the nature of the claims asserted, the defendants against whom they are asserted, or the material factual allegations upon which they are based.  (*Id.*).  None of the current defendants oppose the

proposed amendments to Claims One through Five (Docket ## 107, 108), nor do I discern any reason why Boyd should not be granted leave to make those changes he proposes to Claims One, Two, Three, Four, and Five.

>    **B.**    **Claims Six Through Eight**

Boyd seeks leave to assert three new medical indifference claims against new defendants (ten new defendants as to the proposed Sixth Claim and one each as to the proposed Seventh and Eighth Claims) who worked in the medical departments or as corrections officers at either the Auburn Correctional Facility or Attica Correctional Facility, prisons operated by the New York State Department of Corrections and Community Supervision. (Docket # 105-1). The proposed claim against Nurse Administrator Coryer, who was employed at Auburn, clearly appears to be time-barred and thus should be denied as futile. (*See* Docket # 105-1 at 19-20). That claim alleges that despite making a written complaint to Coryer in November 2015 about the lack of medical care he was receiving to address his knee pain, Boyd evidently did not receive constitutionally adequate care before he was transferred from Auburn to Attica in February 2016. (*Id.*). As Boyd did not file his motion to amend until May 31, 2019, more than three years after Boyd had complained to Coryer and more than three years after he had been transferred from Auburn, his proposed Section 1983 claim against Coryer would be barred by the applicable three-year limitations period.

Contrary to Boyd's suggestion (*see* Docket # 105 at ¶ 1), the relation-back doctrine does not save his otherwise untimely claim against Coryer because that doctrine is inapplicable where, as here, the failure to assert the claim in a timely manner did not result from a mistake within the meaning of Rule 15(c)(1)(C).[3] Assuming that Rule 15(c) may be interpreted

---

[3] Boyd fares no better under state law because, as many courts, including this one, have recognized, "the 'mistake' requirement of Rule 15(c)(1)(C) is similar to the mistake requirement of Section 203 of the New York

to permit the addition of new defendants,[4] it is well-settled that "[c]laims against any newly

added defendants will not 'relate back' to the date of the original complaint where the plaintiff's

failure to name the prospective defendant was 'the result of a fully informed decision as opposed

to a mistake concerning the proper defendant's identity.'" *Schoolcraft v. City of New York*, 81

F. Supp. 3d 295, 301 (S.D.N.Y. 2015) (quoting *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538,

552 (2010)).  Accordingly, where a plaintiff has knowledge of purported misconduct by certain

individuals, but fails to include them in the original complaint or in a timely amendment, that

failure "must be considered a matter of choice, not mistake." *Cornwell v. Robinson*, 23 F.3d

694, 705 (2d Cir. 1994), *abrogated in part on other grounds*, *Nat'l R.R. Passenger Corp. v.

Morgan*, 536 U.S. 101 (2002).  Under such circumstances, "the failure to identify individual

defendants when the plaintiff knows that such defendants must be named cannot be characterized

as a mistake." *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995).  In this

case, Boyd certainly knew that he had complained in writing to the Nurse Administrator at

Auburn during his period of incarceration there; under these circumstances, it cannot be said that

his non-assertion of the claim in a timely manner owed to a mistake within the meaning of Fed.

R. Civ. P. 15(c), rather than to a deliberate choice.  Moreover, nothing in the record suggests that

Boyd can satisfy the separate requirement under Rule 15(c)(1) of establishing that Coryer had

notice of the claim within the period provided by Fed. R. Civ. P. 4(m) for the service of the

original summons and complaint.  *See* Fed. R. Civ. P. 15(c)(1)(C); *Ceara v. Deacon*, 916 F.3d

208, 211 (2d Cir. 2019) (amended pleading relates back only if proposed defendant had notice

---

Civil Practice Law and Rules, the relevant New York relation back provision." *Briggs v. Cty. of Monroe*, 2016 WL
1296060, *10 (W.D.N.Y.) (collecting cases), *report and recommendation adopted by*, 215 F. Supp. 3d 213
(W.D.N.Y. 2016).

[4] There is a split of authority as to whether relation back is allowed for amendments adding, as opposed to
substituting, a party.  *See Briggs v. Cty. of Monroe*, 215 F. Supp. 3d 213, 217 (W.D.N.Y. 2016) (citations omitted).

"within the period provided by Rule 4(m) for serving the summons and complaint") (quotations and brackets omitted).

The remaining claims relate to the alleged inadequacy of medical care that he received at Attica Correctional Facility following arthroscopic surgery on his knee on February 2, 2017. (*See* Docket # 105-1 at 20-24). Specifically, his proposed amended complaint describes the efforts he allegedly made throughout the month of February 2017 to obtain treatment for his post-surgical pain and a subsequent fall and the purported indifference to those serious needs by the nine other proposed new defendants. (*See* Docket # 105-1 at 20-24). In other words, Boyd seeks to supplement his complaint to assert new claims of wrongdoing that occurred after he filed his original complaint in June 2016. Boyd's claims relating to his post-surgical treatment are not untimely because he filed the proposed amended complaint well within three years of the events giving rise to these claims.

Despite being timely, however, I conclude that the court should not exercise its discretion to permit the proposed new claims to be asserted in this action. Those claims pertain to alleged misconduct – the deprivation of constitutionally adequate medical care – committed by new defendants at a different correctional facility from the one in which his pending claims arose (the former, a New York State correctional facility; the latter, a county jail). Although both sets of claims relate to medical care for the knee that he injured in 2014 while detained in the Monroe County Jail, the original claims relate to his efforts to diagnose his injury and secure necessary surgical treatment and the proposed new claims relate to his efforts to obtain medical treatment following the surgery he underwent more than two years after the injury. The discovery relating to the proposed new claims surely will involve entirely different witnesses (other than Boyd himself), different medical procedures, treatment, and records, and analysis of

10

different questions of fact and law.  *See, e.g., Girard v. Hickey*, 2016 WL 915253, *5 (N.D.N.Y.

2016) (denying leave to amend to assert claims arising at different correctional facilities; "[t]he

mere fact that some of plaintiff's claims relate to his alleged need for medical care for injuries

allegedly sustained at Auburn C.F. does not alter this [c]ourt's conclusion that the claims are

distinct and unrelated, because any medical care claims arising after plaintiff's transfer out of

Auburn C.F. are, with the exception of [two] supervisory defendants . . . , against new defendants

at new facilities, and would require different discovery, witnesses, and evidence"); *Madison v.

Alves*, 2006 WL 897816, *3 (W.D.N.Y. 2006) (recommending denial of leave to amend;

"[plaintiff] now seeks to add claims arising out of a subsequent surgery performed on his elbow

while he was incarcerated at [a different correctional facility;] [the] proposed claims involve

[new defendants;] [a]lthough the surgery performed . . . was conducted on the elbow that

[plaintiff] injured during his shower fall [that gave rise to the original claims,] that appears to be

the only link between the two claims").  Moreover, substantial discovery has taken place

concerning the pending claims (and had by the time Boyd filed the pending motion), and the

progress of those claims to disposition would be substantially delayed by the inclusion at this

stage of the proposed new claims.  *See Girard v. Hickey*, 2016 WL 915253, at *6 ("the [c]ourt

finds that the addition of numerous other defendants and unrelated claims arising at entirely

distinct locations will necessarily prolong this action and impose additional expense on

defendants; [m]oreover, the [c]ourt finds that adding these new claims would not aid in the

efficient resolution of this action").

        For these reasons, I recommend that the district court deny Boyd's application for

leave to assert Claims Six, Seven and Eight in this action.  If he wishes to assert them, he should

do so by initiating a separate lawsuit.

## <u>CONCLUSION</u>

For the foregoing reasons, it is my recommendation that Boyd's motion for leave to file an amended complaint (**Docket # 105**) be **GRANTED in part and DENIED in part**. Specifically, I recommend that Boyd be granted leave to amend Claims One through Five as proposed and denied leave to add Claims Six, Seven and Eight and the new defendants against whom he proposes to assert them.

 

 

*s/Marian W. Payson*
_____
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
      March 4, 2020

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See*, *e.g.*, *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
      March 4, 2020