UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NYJEE L. BOYD,

                       Plaintiff,

      v.

DR. DEASIS, et al.,

                       Defendants.
_____

DECISION & ORDER

16-CV-6370W

On June 2, 2016, *pro se* plaintiff Nyjee L. Boyd ("Boyd") commenced this action against the defendants pursuant to 42 U.S.C. § 1983 alleging that they were deliberately indifferent to his medical needs in violation of the Eighth Amendment. (Docket # 1). Currently pending before this Court is Boyd's request for reconsideration of my previous determination on his third motion seeking appointment of counsel. (Docket ## 116, 140). Boyd seeks reconsideration of my denial of his request for appointment of counsel on the grounds that the defendants have since filed a motion for summary judgment. (Docket # 140).

        It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see*, *e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

        1.     Whether the indigent's claims seem likely to be of substance;

    2.        Whether the indigent is able to investigate the crucial facts concerning his claim;

    3.        Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

    4.        Whether the legal issues involved are complex; and

    5.        Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

        The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [plaintiff's] chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

        The Court has once again reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards stated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 61-62, that the appointment of counsel is not warranted at this time. Notably, with the exception of noting that the case has procedurally advanced to the summary judgment stage of the litigation, Boyd simply renews his request for counsel based

2

upon the same arguments that Boyd previously asserted.  (*Compare* Docket # 80 *with* Docket # 110 *with* Docket # 140).  Given that Boyd's current motion fails to raise any new arguments justifying the appointment of counsel, or supply any new information regarding the likelihood of success of his claims, the Court finds that appointment of counsel is not justified at this time for largely the same reasons discussed in this Court's prior Orders.  (*See* Docket ## 92, 116).

Simply stated, Boyd has not established that he is unable to represent himself in this matter and that the appointment of counsel is warranted under the factors set forth above.  To the contrary, Boyd has demonstrated an ability to articulate the relevant facts and legal theories to the Court.

I do not interpret Boyd's motion to seek appointment of an expert witness.  In any event, as a general matter, "[a]lthough being granted *in forma pauperis* status under 28 U.S.C. § 1915 permits [Boyd] to proceed with his case without prepayment of filing fees and the responsibility to effect service on the defendants, it does not authorize payment or advancement of discovery expenses by the [c]ourt."  *El-Massri v. New Haven Corr. Ctr.*, 2019 WL 3491639, *3 (D. Conn. 2019) (internal quotations omitted).  Boyd's request for a stay of the pending summary judgment motion has been addressed by the district court in a separate order.  (Docket # 143).

On this record, Boyd's request for the appointment of counsel **(Docket # 140)** is **DENIED without prejudice** at this time. It is Boyd's responsibility to retain an attorney or continue with this lawsuit *pro se*. 28 U.S.C. § 1654.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       July 1, 2020